OPINION OF THE COURT
Memorandum.
Order reversed on the law, and matter remanded to the court *675 below for determination de novo of defendant’s motion to dismiss.
Defendant was charged in numerous accusatory instruments with violations of the Code of the Village of Freeport. Defendant, by notice of motion returnable November 25, 1995, moved to dismiss said accusatory instruments for legal insufficiency (see, CPL 170.45, 210.45). The court on January 25, 1996 dismissed the accusatory instruments. The transcript indicates that the court’s decision was predicated on the People’s failure to respond to the motion. CPL 210.45 (1) requires that a motion to dismiss an accusatory instrument be made in writing and upon reasonable notice to the People. Subdivision (2) thereof states that the People may submit an answer. The court, depending on whether or not factual issues are raised which require resolution by a hearing, shall, following such a hearing, determine the motion based on the merits. In the case at bar the record is clear that the court deemed the People’s failure to submit papers as a default and granted the motion without considering the merits. Since CPL 210.45 does not provide that the failure to submit answering papers is a ground for dismissal of an accusatory instrument, the order must be reversed.
DiPaola, P. J., and Ingrassia, J., concur; Collins, J., taking no part.